# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas D. Thornburgh Jr.,**
**Plaintiff Below, Petitioner**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.) No. 12-0329** (Fayette County 11-C-269)

**Town of Gauley Bridge, Fayette County, West Virginia,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas D. Thornburgh Jr.'s appeal, filed by counsel Paula L. Harbour, arises from the Circuit Court of Fayette County, which granted respondent's motion to dismiss petitioner's complaint by order entered on February 7, 2012. Respondent Town of Gauley Bridge, by counsel Vaughn T. Sizemore, has filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2009, petitioner was pulled over by a Gauley Bridge police officer, issued a traffic citation, and fined one hundred and fifty dollars. In December of 2009, petitioner attempted to tender his fine entirely with coins. This payment was refused by the City Hall employee who explained to petitioner that the Town of Gauley Bridge has an ordinance that prohibits payment in coins for amounts greater than five dollars. Petitioner thereafter filed suit in circuit court, complaining that he suffered and continues to suffer humiliation, loss of privilege to drive on West Virginia roads, and annoyance and inconvenience, among other complaints. Respondent filed a motion for sanctions and to dismiss the case. The circuit court denied the motion to impose sanctions, but granted respondent's motion to dismiss petitioner's case. The circuit court found that respondent was protected by both statutory immunity and qualified immunity. From this dismissal order, petitioner brings this appeal.

First, petitioner argues that the circuit court erred by finding that respondent had immunity under West Virginia Code § 29-12A-5(a)(4).[1] Petitioner argues that the exception provided in West Virginia Code § 29-12A-18(e) is applicable because the issue of petitioner's

---

[1] This subsection reads as follows: "A political subdivision is immune from liability if a loss or claim results from: . . . (4) Adoption or failure to adopt a law, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy[.]"

suit against respondent concerned a violation of a United States statute, i.e., 31 United States Code § 5103. This federal law provides that United States coins are legal tender. Respondent contends that the circuit court did not commit error in finding that it is protected by the doctrines of statutory immunity and qualified immunity and further asserts that petitioner failed to state a prima facie claim for claiming that respondent violated a federal statute. Second, petitioner argues that the town's ordinance is in direct contravention to the aforementioned federal statute and that, accordingly, the town's refusal of his payment by coins was in violation of federal code. Respondent contends that several federal cases support its position, whereas petitioner has failed to cite any supporting authority.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyon Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

Upon our review, the Court finds no error by the circuit court to warrant reversal. The record submitted on appeal indicates that the circuit court considered both parties' arguments in issuing its decision. Respondent never claimed that the coins were not legal tender; rather, respondent had a reasonable ordinance to prevent unduly burdening its employees with the task of counting coins. We agree with the circuit court's conclusion that respondent enjoys statutory immunity from suit.

Moreover, the exception to statutory immunity upon which petitioner attempts to rely, West Virginia Code § 29-12A-18(e), does not apply to qualified immunity. Petitioner fails to set forth any error in the circuit court's qualified immunity finding.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis